**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

J.J., et al.,

        Plaintiffs,

        v.

GOSHEN COMMUNITY SCHOOL
CORPORATION,

        Defendant.

CASE NO. 3:24-CV-195-DRL-SJF

### OPINION and ORDER

Before the Court are the following discovery-related motions filed by Plaintiffs: (1) Plaintiffs' Motion for Leave to Serve Targeted Supplemental Interrogatories filed on March 23, 2025; (2) Plaintiffs' Motion to Extend Discovery and Expert Disclosure Deadlines; and (3) Plaintiffs' Motion to Compel Production and for Sanctions Under Federal Rule of Civil Procedure 37. For the reasons explained below, Plaintiffs' Motion for Leave to Serve Targeted Supplemental Interrogatories will be denied, Plaintiffs' Motion to Extend Discovery will be granted in part, and Plaintiffs' Motion to Compel will also be denied.

## I.    Background

Plaintiffs filed this case on March 5, 2024. Defendant answered Plaintiffs' original complaint on May 2, 2024. Plaintiff then filed an amended complaint on August 14, 2024, which Defendant answered on August 30, 2024. [DE 27]. Shortly after Defendant filed its answer to the original complaint, the Court entered its Rule 16(b) Scheduling

Order controlling the conduct of discovery and setting case management deadlines. Since then, multiple discovery disputes and two case management-related issues have required the Court's intervention. [*See* Court's discovery dispute resolution orders at DE 46, resolving DE 31; DE 77, resolving DEs 64, 67, and 70; as well as DE 112, resolving DEs 71, 80, 86, 87, 88, 91, 94, and 97 after an in-person hearing; and *see* case management dispute resolution at DE 46, resolving DE 39; and DE 61 resolving DE 55].

The parties' disputes before the ones resulting in the motions currently before the Court were resolved after the Court held an in-person hearing with the parties in February 2026. During that hearing, the Court resolved all motions that were outstanding at the time through discussion with the parties. As a result, most motions were denied as moot based on agreements reached with the parties during that hearing, apart from Plaintiffs' request for production of emails in their Amended Motion to Compel, which was denied. Notably, the Court originally denied Plaintiffs' initial Motion to Compel seeking production of emails because Plaintiffs had failed to meet both the procedural and substantive components of Fed. R. Civ. P. 37 and N.D. Ind. L.R. 37-1 before filing the motion. [*See* DE 77 at 6]. Plaintiff then filed an amended Motion to comply with these rules. Still, the Court again denied Plaintiffs' request for email records because Plaintiffs did not agree to provide any parameters for email searches during the hearing.

At the conclusion of the hearing, the Court then set the following deadlines to propel the case forward:

- Deadline to file a stipulated protective order: February 18, 2026;

2

- Defendant's deadline to produce videos to Plaintiff: March 4, 2026;

- Deadline for the parties to choose a date for Dr. Holleman's deposition: March 2, 2026;

- Deadline to depose Dr. Holleman: May 15, 2026;

- Deadline to depose Plaintiff J.J.: March 31, 2026;

- Deadline to file any discovery-related nondispositive motions: June 1, 2026;

- Deadline for completion of discovery: June 1, 2026; and

- Deadline to file dispositive motions: July 1, 2026.

[*See* DE 112 at 3]. As the February 2026 hearing was the Court's fourth order resolving multiple disputed issues here [*see also* DEs 77, 61, and 46], the Court's order memorializing the outcome of the hearing concluded with the following admonishment:

> The Court now **ADMONISHES** the parties to cooperate in good faith on remaining discovery matters so that this case can proceed to its final stages. Counsel shall communicate promptly and civilly so that this case can be diligently litigated within the new deadlines set. Accordingly, any motion seeking to extend these deadlines will not be viewed favorably and may only be granted upon a showing of extraordinary circumstances beyond the control of counsel and the parties.

[DE 112 at 3]. Even so, about a month after this order, Plaintiffs filed their Motion for Leave to Serve Targeted Supplemental Interrogatories, seeking leave to serve fourteen additional interrogatories. Defendant responded in opposition to Plaintiffs' motion on April 6, 2026. The motion became ripe on April 13, 2026, with no reply filed by Plaintiffs.

While Plaintiffs' supplemental interrogatory motion was pending before the Court, Plaintiffs moved for a 60-day extension of the discovery deadline, contending that the extension is necessary because their supplemental interrogatories are "stalled" pending the Court's ruling on their motion. [DE 117 at 4]. Plaintiffs also explained that the extension is based on another dispute between the parties surrounding Plaintiffs' supplemental request for email discovery, stating that it is "necessitated by Defendant's failure to timely respond to Plaintiffs' Supplemental Requests for Production of Documents served on March 23, 2026, and by Defendant's self-selected May 29, 2026, production date, three days before the current discovery cutoff." [*Id.* at 1]. On June 1, 2026, Defendant objected to Plaintiffs' requested 60-day extension. Still, Defendant agrees that a brief extension may be necessary so that the parties may "answer and/or respond to those written discovery requests that have been properly made within the discovery period." [DE 119 at 1]. Plaintiffs replied in support of the requested extension on June 5, 2026.

Finally, on May 31, 2026—the day before discovery was set to close—Plaintiffs filed their second Motion to Compel Production and Sanctions Under Federal Rule of Civil Procedure 37. Plaintiffs maintain that their motion is necessary because "Defendant has [] failed both to serve any Rule 34 response [for the requested email discovery] and to honor its own agreed production date, and because the June 1, 2026 deadline is imminent[.]" [DE 118 at 5]. Plaintiffs thus maintain that they filed the motion "to preserve the dispute." [*Id.*].

The Court addresses each motion in turn.[1]

## II.    Discussion

### A.    Motion for Leave to Serve Targeted Supplemental Interrogatories

Plaintiffs first move for the Court's leave to serve their second set of 14 interrogatories. Plaintiffs explain that they served this second set of interrogatories a year ago, on May 22, 2025, but that in July 2025 "Defendant refused to answer any interrogatory in Plaintiffs' second set, asserting wholesale that Plaintiffs' first set contained twenty-six interrogatories when counting subparts, thereby exhausting the twenty-five interrogatory limit under Federal Rule of Civil Procedure 33(a)(1) and the parties' planning report." [DE 114 at 1-2]. Plaintiffs first appear to dispute that their first set exceeded the limit. But Plaintiffs also maintain that the additional interrogatories are proportionate, targeted, and essential, and that document production will not substitute for the narrative response. Defendant responded to Plaintiffs' motion on April 6, 2026, contending that "Plaintiffs actually numbered their own first set of interrogatories, including twenty-six (26) separate interrogatories." [DE 116 at 1]. Defendant also contends that Plaintiffs have not made the required showing necessary to serve supplemental interrogatories beyond the limit set by Rule 33 and the Scheduling Order. The motion became ripe on April 13, 2026, with no reply filed by Plaintiffs.

---

[1] As stated, Plaintiffs' motion to compel was filed on May 31, 2026. Under this Court's local rules, Defendant has fourteen days to file any response to the motion, and Plaintiff would have seven days to file any reply after Defendant files its response. *See* N.D. Ind. L.R. 7-1(d)(3). The Court would generally afford the parties all opportunities to brief their positions before ruling. But as the Court's ruling on the other pending motions will also resolve the outcome of this motion, the Court will address it here, even though the response and reply deadlines have not yet passed.

Federal Rule of Civil Procedure 33(a) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." The Court's Rule 16(b) Scheduling Order entered on July 9, 2024, adopted this limit, providing that "[e]ach party may serve a maximum of 25 interrogatories and 25 requests for admission on any other party." [DE 13 at 2]. "This limitation is not meant 'to prevent needed discovery, but to provide some judicial scrutiny before parties make potentially excessive use of this discovery device.'" *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07 CV 3, 2008 WL 5111358, at *2 (N.D. Ind. Dec. 1, 2008) (internal citation omitted). Indeed, the limitation is considered necessary because "[r]esponding to interrogatories is 'inherently expensive and burdensome'" and interrogatories "may be used as a means of harassment." *Duncan v. Paragon Pub.*, Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001).

Plaintiffs served their First Set of Interrogatories in October 2024, and Defendant responded in February 2025. [*See* DE 116-1]. Plaintiffs numbered this first set as interrogatories 1-26. [*Id.*]. Plaintiffs then served the instant Second Set of Interrogatories on Defendant on May 22, 2025. The second set consists of fourteen additional interrogatories seeking five categories of information. Plaintiffs' initial argument in their motion is that the "first set contained twenty-five base interrogatories with discrete, factually related subparts that courts in this district routinely treat as components of a single interrogatory rather than independent questions[,]" citing *Bryant v. Cris Rural Mass. Transit Dist.*, 2025 U.S. Dist. LEXIS 196881 at *6 (C.D. Ill., April 21, 2025). [DE 114 at 2]. The point of this argument is not entirely clear, as it seems that

6

Plaintiffs concede that they already propounded twenty-five "base" interrogatories, but that these interrogatories should be considered less than the limit because they are subparts rather than independent questions. It is true that "district courts in this Circuit often follow the rule that each subpart of an interrogatory is treated as an individual interrogatory unless it is 'logically or factually subsumed within and necessarily related to the primary question.'" *Fair Hous. Ctr. of Cent. Indiana, Inc. v. Welton*, No. 118CV01098JMSDLP, 2019 WL 2422594, at *3 (S.D. Ind. June 10, 2019)(internal citations omitted).

But here, Plaintiffs themselves numbered their initial interrogatories separately as 1-26, and Plaintiffs present no argument as to why the Court should construe these separately numbered interrogatories as factually subsumed and related, or otherwise explain how the 26 initial interrogatories propounded should be counted as less. Accordingly, the Court can only find that Plaintiffs' First Set of Interrogatories—numbered as 1 through 26—met (in fact, exceeded) the limit afforded to Plaintiffs under Rule 33 and the Court's Rule 16(b) Scheduling Order. Thus, Plaintiff's second set of 14 interrogatories is plainly beyond the limit set by Federal Rule of Civil Procedure 33(a) and the Court's Rule 16(b) Scheduling Order.

Although Plaintiffs' second set of fourteen additional interrogatories exceeds the cap, the Court can issue an order allowing Plaintiffs to serve them. *See* Fed. R. Civ. P. 26(b)(2)(A). The Court determines whether to allow additional interrogatories in accordance with Federal Rule of Civil Procedure 26(b)(2)(C) by considering whether

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Duncan*, 204 F.R.D. at 128. "The decision of a court to increase the number of interrogatories allowed is a 'case-by-case analysis' in which 'the party seeking leave must set forth a particularized showing to exceed the limit of twenty-five interrogatories.'" *HMV Indy I, LLC v. Inovateus Solar, LLC*, No. 119CV01436JRSDLP, 2020 WL 9607044, at *2 (S.D. Ind. Sept. 28, 2020)(quoting *Duncan* 204 F.R.D. at 128-29).

Plaintiffs' fourteen additional interrogatories are "directed at five discrete factual categories: social skills services provided to J.J. [Interrogatories 1-4], the identity of persons involved in specific behavior incidents [Interrogatories 5-7], J.J.'s access to vocational education [Interrogatories 8-9], the 2023 bicycle incident raised by Defendant at [R.J.]'s deposition [Interrogatories 10-11], and identification of key witnesses [Interrogatories 13-14]." [DE 114 at 1]. Plaintiffs then also list a sixth category—Plaintiff J.J.'s access to a paraprofessional—as the basis for Interrogatory 12. [*Id.* at 5].

As to the first category-- social skills services provided to J.J. [Interrogatories 1-4]—Plaintiffs state that these interrogatories are needed to identify who provided services to J.J., at what frequency, for what duration, and using what curriculum. Plaintiffs explain that document requests cannot provide this information, and that the importance of this information is "directly proportional to the weight Defendant has

placed on its alleged provision of services as a defense to Counts III, IV, and IX." [DE 114 at 3-4]. But Defendant contends the supplemental interrogatories are duplicative of information previously exchanged in an administrative hearing—an assertion that Plaintiffs do not dispute, as no reply has been filed. *See Best Inn Midwest, LLC v. Underwriters at Lloyd's, London*, No. 1:22-CV-01586-RLY-KMB, 2023 WL 11845742, at *4 (S.D. Ind. Dec. 11, 2023)(construing party's "failure to file a reply brief as an acknowledgment of the correctness of [the opposing party's] position") and collecting cases doing the same). It also appears that Plaintiffs have had ample opportunity to obtain this information, as Defendant filed its answer raising this defense on August 30, 2024. [DE 27]. Without more from Plaintiffs, the Court cannot find that Plaintiffs have met their burden to make a particularized showing of need as to supplemental Interrogatories 1-4, especially given the late stage of the case and that the motion has been filed approximately 9 months after Defendant refused to respond to the supplemental interrogatories.

Next, as to the second category — the identity of persons involved in specific behavior incidents [Interrogatories 5-7]—Plaintiffs state that these interrogatories are necessary because

> Defendant's Answer references Deposition Exhibit 2, a behavioral incident log, without identifying the teachers, students, investigators, or decision-makers involved in each incident. Documents may exist for some incidents but not others. A sworn interrogatory answer requires Defendant to affirmatively account for each incident in the log, closing evidentiary gaps that document production alone will leave open and that are directly relevant to the equal protection and retaliation claims.

[DE 114 at 4]. The Court cannot find that this suffices as a particularized showing of need. First, the necessity of the interrogatories is not clear, as Plaintiffs effectively

concede that the information "may" be obtainable through another source—document requests. It is true that Plaintiffs also state that they do not know if documents exist for all incidents. At the outset, it is unclear why Plaintiffs have not determined whether documentation existed for these incidents earlier in the discovery period, especially considering that Defendant raised this in its answer filed in August 2024. Plaintiffs have had ample opportunity to obtain this information in the discovery process. In any event, based on this uncertainty, propounding interrogatories would indeed be more convenient for Plaintiffs at this stage. But convenience is not sufficient to show particularized need. *Med. Assur. Co. v. Weinberger*, No. 4:06 CV 117, 2011 WL 2115662, at *9 (N.D. Ind. May 26, 2011). Without more, the Court cannot find that Plaintiffs have made the particularized showing necessary to serve interrogatories beyond the limit.

For the next category of interrogatories-- J.J.'s access to vocational education [Interrogatories 8-9]—Plaintiffs explain that

> Defendant's Answer is silent on why J.J. has been denied access to welding and other vocational courses. This is a discrete factual question with a discrete factual answer. Document requests are unlikely to yield a complete response because the decision may have been made informally or verbally. A sworn answer pins Defendant to an explanation that can be tested at trial and that directly bears on the failure-to-accommodate and hostile educational environment counts.

[DE 114 at 3]. Again, however, Plaintiffs fail to show particularized need. Like the other interrogatories, interrogatories 8-9 are based on the substance of Defendant's answer, which was filed nearly two years ago. Moreover, Plaintiffs merely state that document requests are "unlikely" to yield complete responses because of how decisions "may" have been made. Given the inherently burdensome nature of interrogatories, such speculative statements about the necessity of the instant interrogatories fall short of the

showing necessary to propound additional interrogatories, especially at this late stage of the case.

Next, for Interrogatories 10-11 (2023 bicycle incident), Plaintiffs explain that Defendant raised this incident during Plaintiff R.J.'s deposition but did so "without producing the underlying record of who was involved, what investigation was conducted, or what discipline was imposed." [DE 114 at 3]. But Plaintiffs fail to explain why other less burdensome discovery was not pursued, especially when Plaintiffs have had ample time to do so. Accordingly, the Court cannot find that Plaintiffs have shown particularized need as to these interrogatories.

Plaintiffs' Interrogatory 12 "specifically addresses the reasons for J.J.'s educational placement and the supplemental aids and services provided to J.J. and specifically address why he was removed from class, which forms part of the basis of J.J.'s discrimination claims." [DE 114 at 5]. But Plaintiffs fail to provide any other explanation of need or why discovery was not sought on this issue before. Accordingly, the Court cannot find that this shows a particularized need.

Finally, as to the last category of information sought—identification of key 2024 decision-makers [Interrogatories 13-14]—Plaintiffs explain that "[t]wo critical witnesses have never been identified in any discovery response: the administrator or staff member who called R.J. and stated that J.J. was being expelled for 'carjacking people with a gun,' and the bus driver who reported J.J.'s alleged conduct on June 26, 2024." [DE 114 at 6]. Plaintiffs explain that without this information, they will not be able to complete their deposition schedule before the expiration of the discovery deadline.

Again, though, Plaintiffs' motion is devoid of any explanation as to why this information was not sought earlier in the discovery process, such as through their previously propounded interrogatories, or why other less burdensome discovery methods would not suffice. The Court thus cannot find particularized need as to this final category.

Much of Plaintiffs' motion suggests that they should be able to serve these interrogatories because the 25 interrogatory limit in the Court's Rule 16(b) Scheduling Order and Federal Rule of Civil Procedure 33 is merely technical. But, as stated, the limit is necessary to "provide some judicial scrutiny before parties make potentially excessive use of" interrogatories. *Illiana Surgery & Med. Ctr. LLC,* 2008 WL 5111358, at *2 (internal citation omitted). Indeed, enforcing this limit "increases the efficiency of the interrogatory practice by forcing parties to make prudent and constructive use of their 25 written interrogatories." *Fair Hous. Ctr. of Cent. Indiana, Inc.* 2019 WL 2422594, at *3 (internal citation omitted).

Finally, Plaintiffs also contend that their motion should be granted because Defendants did not object to the Court—presumably, via a motion for protective order—before refusing to respond to the additional interrogatories. But "[w]hen a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or 'answer up to the numerical limit and object to the remainder without answering.'" *HMV Indy I, LLC,* 2020 WL 9607044, at *3 (S.D. Ind. Sept. 28,

2020)(internal citations omitted). Here, Defendants did the latter, which suffices to preserve their objection.

In sum, for these reasons, Plaintiffs' supplemental interrogatories exceed the limitation set forth in Rule 33(a) and the Court's Rule 16(b) Scheduling Order, and Plaintiffs have failed to show a particularized need to exceed that limit. Accordingly, Plaintiffs' motion will be denied, and the Court will not compel Defendant to answer the supplemental interrogatories. *Kaprelian v. Bowers*, No. 09-C-609, 2010 WL 2197778, at *3 (E.D. Wis. May 28, 2010).

**B.       Motion to Extend Discovery and Expert Disclosure Deadlines**

On May 18, 2026, Plaintiffs moved for a 60-day extension of the discovery deadline. Fed. R. Civ. P. 16(b)(4) only allows modifications of Rule 16(b) Scheduling Orders "for good cause and with the judge's consent." The good cause standard "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016) (quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Good cause exists when a movant shows that "despite [their] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

In support of the requested extension, Plaintiffs contend that there is good cause due to Defendant's failure to respond to Plaintiffs' supplemental requests for email discovery as well as Defendant's refusal to respond to Plaintiffs' supplemental interrogatories. As the Court has already addressed the supplemental interrogatories—

finding that Defendant need not answer them—the Court will only consider whether the supplemental document requests for email discovery support the requested extension.

To make this determination, the Court must first consider the history behind Plaintiffs' supplemental document requests for email production. Plaintiffs first raised their dispute about email production in their motion to compel filed on December 1, 2025. The Court denied this motion to compel on December 22, 2025, explaining that "Plaintiffs' motion fails to meet both the procedural and substantive components of Fed. R. Civ. P. 37 and N.D. Ind. L.R. 37-1." [DE 77 at 6]. On January 16, 2026, Plaintiffs filed an amended motion to compel seeking to rectify these deficiencies. The Court then addressed this amended motion as part of an in-person hearing with the parties held on February 18, 2026. [DE 110, DE 112]. There, the Court discussed whether the parties could agree to certain limitations on the requested email discovery (such as custodians, search terms, or date ranges) so that production could occur. Plaintiffs, however, declined to provide any such parameters at the hearing. As a result, the Court denied Plaintiffs' amended motion to compel as to email records. [DE 112 at 2].

Plaintiffs changed their minds, however, and a month after the hearing, Plaintiffs served supplemental requests for production seeking email communications based on certain parameters, such as by custodian, search terms, and certain identified subject matters. [DE 118 at 2]. Defendant initially declined to respond to the supplemental requests. Ultimately, after conferring during a video call, the parties agreed to search parameters, and Defendant agreed to produce emails to Plaintiffs. Plaintiffs state that,

14

during their video meet and confer, Defendant agreed to produce these documents by May 29, 2026.[2] Given this outstanding issue and Defendant's production timeframe, Plaintiffs maintain that there is good cause for a 60-day extension of the discovery deadline. Defendant objects to a 60-day extension, contending that the motion stems from Plaintiffs' lack of diligence in discovery. Defendant does, however, agree to a shorter extension of time so that the parties can finalize responses to written discovery made within the discovery period. On reply, Plaintiffs dispute that they have not been diligent in pursuing discovery.

In the end, the parties ultimately agree that an extension is warranted here. The dispute boils down to the length of the requested extension. Plaintiffs maintain that 60 days is necessary because they are still waiting for supplemental email production and supplemental interrogatory responses from Defendant. But Defendant has agreed to produce email discovery in response to Plaintiffs' supplemental document requests, and the Court has found that Defendant need not answer the supplemental interrogatories. There is therefore no need for another sixty days to finalize such production and for Plaintiffs to review it. Four weeks will provide the parties ample time to do final discovery exchanges and to review production. As such, Plaintiffs' motion need only be granted in part.

---

[2] Notably, however, Plaintiffs' memorandum memorializing the parties' video meet and confer regarding email discovery is less direct on this point. In the memorandum, Plaintiffs state that they "request that Defendant produce its responses, objections, and responsive documents to RFPs 1 through 6 on or before May 29, 2026." [DE 118-2 at 2]. The memorandum does not indicate that this was Defendant's counsel self-selected this production date or that Defendant's counsel agreed to it verbally during the video conference. Accordingly, it is not clear when and where Defendant agreed to that date based on this written correspondence.

### C.      Motion to Compel Production and for Sanctions Under Federal Rule of Civil Procedure 37

Finally, on May 31, 2026, Plaintiffs moved to compel Defendant's production of the requested emails. Plaintiffs first state that "Defendant has [] failed [] to serve any Rule 34 response [for the requested email discovery]." But, as discussed above, during a meet-and-confer videoconference between the parties on May 6, 2026, the parties agreed to parameters for email discovery, and Defendant thus agreed to produce emails in response to Plaintiffs' supplemental request for production. Generally, once a responding party agrees to provide the requested discovery, a motion to compel is considered moot. *Romary Assocs., Inc. v. Kibbi LLC, No.* 1:10-CV-376, 2011 WL 4005346, at *2 (N.D. Ind. Sept. 8, 2011) (internal citations omitted).

Still, Plaintiffs maintain that their motion is necessary because Defendant also failed "to honor its own agreed production date, and because the June 1, 2026, deadline is imminent[.]" [DE 118 at 5]. Plaintiffs thus maintain that they filed the motion "to preserve the dispute." [*Id.*]. But Plaintiffs' own memorandum memorializing the parties' conference on this discovery issue is not as clear about the May 29, 2026, production date. There, Plaintiffs requested this production date and asked Defendant to confirm that they can meet this deadline in writing. [*See* DE 118-2 at 2]. The memorandum does not indicate that this was Defendant's counsel's suggested production date or that Defendant's counsel otherwise agreed to it verbally during the video conference. Accordingly, based on the written memorandum submitted by

16

Plaintiffs, it is not clear when and where Defendant agreed to this date.[3] In any event, the Court can propel this case forward regardless of whether Defendant firmly agreed to this deadline and missed it, or whether no such agreement was reached. The Court has granted Plaintiffs' extension motion in part to accommodate for the finalization of written discovery. To ensure that written discovery is finalized by this extended deadline, the Court will also set a deadline for Defendant's production of email discovery two weeks from the date of this order. This will give the parties time to exchange responses and review responses before the close of discovery.

In sum, with the parties' agreement as to the parameters for email discovery, Defendant's agreement to produce email discovery with these parameters, and a deadline for production now firmly set by the Court, Plaintiffs' Motion to Compel is moot.

## III.    Conclusion

For these reasons, the Court now

- **DENIES** Plaintiffs' Motion for Leave to Serve Targeted Supplemental Interrogatories [DE 114];

- **GRANTS IN PART** Plaintiffs' Motion to Extend Discovery and Expert Disclosure Deadlines [DE 117];

- **EXTENDS** deadlines in this matter as follows:

  - Deadline for completion of discovery**: July 10, 2026**;

---

[3] Plaintiffs' language requesting this production date appears to suggest that no firm deadline was agreed upon during the telephonic conference.

- o   Deadline to file dispositive motions: **August 10, 2026.**

- **SETS** Defendant's deadline to produce email/ESI discovery in response to Plaintiffs' Supplement Requests for Production of Documents as **June 25, 2026**; and, accordingly,

- **DENIES AS MOOT** Plaintiffs' Motion to Compel and for Sanctions Under Federal Rule of Civil Procedure 37. [DE 118].

## IV.   Admonishment

In its order memorializing the in-person hearing held in February 2026, the Court admonished the parties to cooperate in good faith on remaining discovery matters. Despite multiple orders from the Court resolving discovery-related and case management disputes between the parties, these recent motions demonstrate that the parties are still unable to resolve issues and complete discovery without the Court's aid. But discovery must come to a close. Indeed, as the Court noted in its Rule 16(b) Scheduling Order, "[t]he court views the last month of discovery to be for the purpose of concluding your work, not extending it." [DE 13 at 3]. The parties should thus consider the instant extension to be the last month of discovery. The Court accordingly **ADMONISHES** the parties to litigate this case diligently over the coming weeks so that discovery may close and the case can proceed to dispositive motions and trial scheduling. Any motion seeking to extend these deadlines will not be viewed favorably and may be granted only upon a showing of extraordinary circumstances beyond the control of counsel and the parties.

**SO ORDERED** this 11th day of June 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge